IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Ray Edward Chestnut, a.k.a. Raymond Edward Chestnut, | ) ) ) | C/A No.: 1:13-2249-RBH-SVH |
| Petitioner, | ) ) | |
| vs. | ) ) | REPORT AND RECOMMENDATION |
| J. Thomas, Warden, | ) ) ) | |
| Respondent. | ) ) | |

Petitioner Ray Edward Chestnut is a federal inmate confined at United States Penitentiary ("USP") Lewisburg in Pennsylvania. Petitioner has submitted this pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(c) (D.S.C.), the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends the district judge dismiss the petition in this case without prejudice and without issuance and service of process.

I.    Factual and Procedural Background

Petitioner indicates that, on December 9, 2002, he entered a guilty plea in the Horry County Court of General Sessions to the offense of enticing a child from school attendance. [Entry #1 at 1]. The state court judge sentenced Petitioner to two years of incarceration, suspended upon the service of two years' probation. *Id.* Petitioner states that he did not file a direct appeal of his conviction or sentence, but did file an application

for post-conviction relief ("PCR") on April 11, 2012, which remains pending. *Id.* at 2–3, 12. Petitioner indicates that he has completed the sentence imposed on December 9, 2002. [Entry #10 at 1].

II.    Discussion

    A.    Standard of Review

Under established local procedure in this judicial district, a careful review has been made of this petition pursuant to the Rules Governing Section 2254 Proceedings for the United States District Court, the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214, and other habeas corpus statutes. Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390– 91 (4th Cir. 1990).

B.    Analysis

1.    Expired sentence

It is well settled that an individual must be "in custody" in order to be eligible for federal habeas corpus relief.  *See* 28 U.S.C. § 2254(a); *Leonard v. Hammond*, 804 F.2d 838, 842 (4th Cir. 1986).  Moreover, at the time the habeas petition is filed in federal court, the habeas petitioner must be in custody under the conviction or sentence being challenged.  *Maleng v. Cook*, 490 U.S. 488, 490–91 (1989).  A person who files a habeas petition after he has fully served his sentence is not in custody for purposes of a federal district court's subject matter jurisdiction.  *Wilson v. Flaherty*, 689 F.3d 332, 339 (4th Cir. 2012).  Petitioner indicates that the 2002 conviction and two-year probationary sentence challenged in the instant petition expired prior to the filing of this case.  As Petitioner is not in custody pursuant to the challenged state court judgment, this court lacks jurisdiction over Petitioner's habeas action and the petition is subject to dismissal.

2.    Lack of exhaustion

The requirement that state remedies must be exhausted before filing a federal habeas corpus action is found in 28 U.S.C. § 2254(b)(1), which provides that "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that (A) the applicant has exhausted the remedies available in the courts of the State."  The exhaustion requirement is "grounded in principles of comity; in a federal system, the States should have the first opportunity to address and correct alleged violations of state prisoner's federal rights."

3

*Coleman v. Thompson*, 501 U.S. 722, 731 (1991); *Lawson v. Dixon*, 3 F.3d 743, 749–50 n. 4 (4th Cir. 1993). In *Matthews v. Evatt*, 105 F.3d 907 (4th Cir. 1997), the Fourth Circuit Court of Appeals held that "a federal habeas court may consider only those issues which have been 'fairly presented' to the state courts . . . . To satisfy the exhaustion requirement, a habeas petitioner must fairly present his claim to the state's highest court. The burden of proving that a claim has been exhausted lies with the petitioner." *Id.* at 911 (citations omitted), *abrogated on other grounds by United States v. Barnette*, 644 F.3d 192 (4th Cir. 2011).[1]

In this case, Petitioner indicates that his grounds for habeas relief are unexhausted and that the challenged conviction is currently being reviewed in state court. [Entry #1 at 11]. Because it is clear from the face of the petition that Petitioner has potentially viable state court remedies, this habeas action is also subject to summary dismissal for lack of exhaustion. The court should not keep this case on its docket while Petitioner pursues exhaustion in state court. *See Galloway v. Stephenson*, 510 F. Supp. 840, 846 (M.D.N.C. 1981) ("When state court remedies have not been exhausted, absent special circumstances, a federal habeas court may not retain the case on its docket, pending

---

[1] Where a habeas petitioner has failed to exhaust his state remedies and the state court would now find his claims procedurally barred, further exhaustion is not required. *See Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991). However, the federal court is precluded from hearing a procedurally-defaulted claim unless the petitioner "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Id.* at 750.

exhaustion, but should dismiss the petition."); s*ee also Pitchess v. Davis*, 421 U.S. 482, 490 (1975).

III.    Conclusion and Recommendation

Accordingly, it is recommended that the petition in the above-captioned case be dismissed without prejudice.

IT IS SO RECOMMENDED.

September 25, 2013                                    Shiva V. Hodges
Columbia, South Carolina                         United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

### Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see*  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).